IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO A. TREVINO | § | |
|    TDCJ-CID #926058 | § | |
| v. | § | C.A. NO. C-09-279 |
| | § | |
| MCCONNELL UNIT | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT PLAINTIFF'S MOTION TO DISMISS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is his motion to dismiss his action. (D.E. 8).

Plaintiff wrote a letter dated October 13, 2009 that was docketed as a civil complaint on October 15, 2009. (D.E. 1). In this complaint, he complains that the lighting in the day room is so deficient as to be dangerous and create a security issue. Id. at 1. On October 19, 2009, a Notice of Deficient Pleading was issued, explaining that plaintiff had twenty days to either pay the $350 filing fee, or file a motion to proceed *in forma pauperis*. (D.E. 4). On November 10, 2009, an Order To Show Cause was issued because plaintiff had not paid the filing fee, or filed a motion to proceed *in forma pauperis*. (D.E. 7). In response to this Order, on November 27, 2009, plaintiff filed the pending motion. (D.E. 8).

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss a civil action:

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1). The Fifth Circuit has established that a "plaintiff has the right to file a notice of dismissal at any time before the defendant has filed either an answer or a motion for summary judgment" pursuant to Rule 41(a)(1). Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir. 2005). Moreover, a "plaintiff has an 'absolute right' to a Rule 41(a)(1) dismissal." Id. (citation omitted).

Here, service of process of plaintiff's action has not been ordered. Consequently, defendant has neither filed an answer, nor filed a dispositive motion. Moreover, there is nothing to indicate that plaintiff has previously presented this claim in a state or federal court.

Accordingly, it is respectfully recommended that plaintiff's motion to

dismiss his action, (D.E. 8), be GRANTED.  Furthermore, it is respectfully recommended that his action be dismissed without prejudice.

ORDERED this 11th day of December 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).